THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOHN REYNOLDS,           :
                         :
    Plaintiff,           :  Civil Action
                         :  No. 5:08-cv-107
v.                       :
                         :
CITY OF MACON, GEORGIA,  :
*et al.*,                :
                         :
    Defendants.          :
                         :

**ORDER ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff John Reynolds, proceeding *pro se*, has moved the Court for permission to proceed without prepayment of fees. Review of Plaintiff's affidavit shows that he is indeed indigent and unable to pay such fees or give security therefor, and as such that he is eligible to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). Review of his Complaint, however, shows that his claims are frivolous, without arguable merit in law or in fact. Accordingly, Plaintiff's motion to proceed IFP (Doc. 2) is hereby **GRANTED**, and it is further ordered that Plaintiff's Complaint shall be **DISMISSED, WITH PREJUDICE**.

With regard to his claim of indigency, Plaintiff's affidavit shows that he is homeless and that his only income is approximately $20 per month from collecting aluminum cans. He has no assets. He lists the Salvation Army as his residence and relies on charity and Government assistance for food. He is clearly unable to pay any court fees.

Although Plaintiff is eligible to proceed IFP, his Complaint must be dismissed because it is frivolous and fails to state any claim upon which relief may be granted. The federal *in forma*

*pauperis* statute requires courts to dismiss an indigent action if the action is determined to be frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). This statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Examples of such factually baseless claims are "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id.. at 328.

The factual contentions in Plaintiff's Complaint and its four supplements are clearly baseless. Plaintiff seeks to bring suit against the City of Macon, the United States Food and Drug Administration, the Salvation Army, the Federal Bureau of Investigation, the Centers for Disease Control, and the Social Security Administration. He alleges that agents of the FDA have been following him from state to state and city to city and conspiring with the other defendants to spray him and his food with a substance that debilitates his mind and damages his body. He further alleges that the defendants, under the direction of the FDA, have sexually assaulted him in his sleep and have taken blood and sperm samples from him. These allegations are the products of a delusional mind, and it is apparent at the outset that they have no basis in fact. Dismissal is appropriate "so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id. at 324.

**SO ORDERED** this 17th day of July, 2008.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

chw